IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. VIOLA, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-3088 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| DAVE YOST, *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendants. | : | |

## OPINION & ORDER ON MOTION TO INTERVENE

This matter is before the Court on a Motion to Intervene (ECF No. 51) filed by nonparty Kelly Patrick. For the reasons that follow, the Proposed Intervenor's Motion is **DENIED**.

### I. BACKGROUND

Ms. Patrick operates a "true crime website," on which she has posted content related to Plaintiff's allegations in this matter. (*Id.* at 1). Her own First Amendment lawsuit, which she is litigating in the Northern District of Ohio, shares two defendants in common with this case. *See Patrick v. Kasaris*, Case No. 1:21-cv-1155 (N.D. Ohio). Ms. Patrick proposes to intervene "for the limited purpose of addressing this Court for three (3) minutes on Friday, January 28, 2022" (ECF No. 51 at 1), that being the date designated for a sanctions hearing. (*See* ECF No. 48).

### II. LEGAL STANDARD

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b),[1] which states in pertinent part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." If the

---

[1] Proposed Intervenor requests permissive intervention only. She does not argue she is entitled to intervention of right under Rule 24(a).

1

motion is timely and there is at least one common question of law or fact, the Court considers "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights," and any other relevant factors. Fed. R. Civ. P. 24(b)(3); *see also Mich. State AFL–CIO v. Miller,* 103 F.3d 1240, 1248 (6th Cir. 1997); *Purnell v. City of Akron,* 925 F.2d 941, 951 (6th Cir. 1991). The decision to grant or deny permissive intervention is discretionary. *Id.* at 950–51.

### III.  ANALYSIS

#### A.  Purpose for Intervention

As a threshold point, the Court notes that the Proposed Intervenor presents her Motion "for the limited purpose" of speaking at the upcoming hearing. (ECF No. 51 at 1). The sole topic of that hearing is whether *Plaintiff* should be subjected to sanctions or prefiling restrictions. Since resolution of that issue affects Plaintiff's rights only, the Court is not persuaded that the Proposed Intervenor has any legally relevant interest in the sanctions hearing. All of the Proposed Intervenor's rights are protected adequately in her Northern District lawsuit. Even if the Northern District views this Court's sanctions ruling as tangentially relevant to the Proposed Intervenor's case, she will have ample opportunity to address that ruling in her arguments.

Nor is this Court convinced that the proffered testimony, which bears on the Proposed Intervenor's efforts to investigate Plaintiff's underlying allegations of misconduct, is germane to the issue of sanctions. Receiving evidence from the Proposed Intervenor on those allegations—which are both complex and hotly contested—will risk transforming the hearing into a full argument on the merits. As such, intervention at this hearing would not serve judicial economy; rather, it would delay the Court's efficient resolution of the sanctions issue, which is in the interest of Plaintiff and Defendants alike. For both of these reasons, participation at the sanctions hearing should be limited to the original parties.

### B. Timeliness of Motion

Insofar as the Proposed Intervenor seeks to be a full participant in this case, the Court must consider whether her motion is timely. Factors deemed "particularly probative" in this determination are:

> (1) the purpose for which intervention is sought; (2) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (3) prejudice to the original parties; (4) unusual circumstances militating in either direction; (5) the point to which the suit has progressed.

*United States v. BASF-Inmont Corp.*, 819 F. Supp. 601, 605 (E.D. Mich. 1993) (citing *Stotts v. Memphis Fire Dep't,* 679 F.2d 579, 582 (6th Cir. 1982)).

Every factor here counsels against intervention. First, as stated above, intervening at a sanctions hearing is not a proper purpose given that none of the Proposed Intervenor's rights is implicated in that proceeding.

Second, it appears the Proposed Intervenor had notice of this case well before her Motion. Plaintiff initiated this case on June 3, 2021 (ECF No. 1), and a mere five days later, the Proposed Intervenor initiated her Northern District case (*Patrick*, ECF No. 1). Considering the timing of the filings, the close similarities in the Complaints,[2] and the pre-existing relationship between Plaintiff and the Proposed Intervenor, the Court only can conclude that these lawsuits were a collaborative effort. If true, that means the Proposed Intervenor knew of her interest at the moment of filing. The Motion to Intervene was filed approximately seven and a half months later, without an apparent explanation for the delay.

---

[2] For instance, the section of Plaintiff's Complaint titled "Overview of This Litigation" (ECF No. 1 ¶¶ 7–8) appears nearly verbatim in the Proposed Intervenor's Northern District Complaint under "Overview of First Amendment Claims" (*Patrick*, ECF No. 1 ¶¶ 9–10).

Third, multiple motions to dismiss now are ripe for adjudication in this case (ECF Nos. 13, 19, 22, 25, 28). If the Court permitted intervention at this stage, it would have to reopen the briefing on these motions and delay its decision to the prejudice of the original parties.

Fourth, the apparent pre-filing coordination is an unusual circumstance militating against intervention. The Proposed Intervenor could have joined this lawsuit from the outset, but she chose to litigate separately.

Fifth, although this case remains in the (late) pleadings stage, it nonetheless is near resolution, with *all* original parties having moved to dismiss for various reasons. The timeliness requirement of Rule 24 is intended "'to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'" *BASF-Inmont Corp.*, 819 F. Supp. at 607 (quoting *United States v. South Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)). Such is the case here.

Taken together, these factors indicate to the Court that the Motion to Intervene is not timely and that the original parties would be unduly prejudiced if intervention were to be granted.

### IV. CONCLUSION

For the reasons thus stated, the Motion to Intervene by nonparty Kelly Patrick (ECF No. 51) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 24, 2022**