**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY L. VIOLA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:21-cv-3088** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **DAVE YOST,** *et al.*, | : | **Magistrate Judge Elizabeth P. Deavers** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on no fewer than 15 motions, including Motions for Sanctions and Prefiling Restrictions, Motions to Dismiss, a Motion to Amend, a Motion to Take Judicial Notice, and several Motions to Strike. The Court held a hearing on January 28, 2022, regarding the Motions for Sanctions and Prefiling Restrictions, which are the chief subject of this Opinion.

For the reasons that follow, the Court **DENIES** sanctions, **GRANTS** prefiling restrictions, and **GRANTS** each Defendant's Motion to Dismiss. This case is **DISMISSED WITH PREJUDICE**, and Plaintiff Viola is **PERMANENTLY ENJOINED** from making future filings in any federal court in the Southern District of Ohio unless he complies with the prefiling restrictions set forth herein.

## I.  BACKGROUND

### A.  Underlying Events and Allegations

Plaintiff Anthony Viola, *pro se*, brings this First Amendment lawsuit against Attorney General Dave Yost, Assistant Attorney General Daniel Kasaris, and private attorney Damian Billak. The case involves a lengthy, litigious, and personal history between the parties. In 2011,

1

Plaintiff was convicted in federal court on charges of mortgage fraud. (ECF No. 1 ¶ 14; ECF No. 13 at 2). Defendant Kasaris, then an Assistant Prosecutor in Cuyahoga County, prosecuted Plaintiff in state court on parallel charges. (ECF No. 1 ¶ 14; ECF No. 13 at 2). Plaintiff was acquitted on the state charges, which he attributes to the emergence of exculpatory evidence provided by a whistleblower. (ECF No. 1 ¶¶ 14–16). Plaintiff alleges that the whistleblower offered to testify on his behalf in the state case and that Defendant Kasaris then threatened the whistleblower with prosecution. (*Id.* ¶¶ 17–20). The whistleblower later was found dead from alcohol poisoning. (*Id.* ¶ 20 & Ex. A ¶ 11). According to Plaintiff, the whistleblower would have testified to extensive prosecutorial misconduct by Defendant Kasaris, including: (1) suppression of exculpatory evidence, (2) undisclosed payments to a government witness, (3) a romantic relationship between Defendant Kasaris and said witness, and (4) forgery of the whistleblower's name on an evidence log. (*Id.* ¶ 17).

While Plaintiff was incarcerated, his friends and family created the website FreeTonyViola.com to assist with post-conviction relief. (*Id.* ¶ 24). The website made public Plaintiff's account of the whistleblower allegations and solicited leads about additional illegal or unethical prosecutorial actions by Defendant Kasaris. (*Id.* ¶¶ 24–25). Defendant Kasaris responded with a cease-and-desist letter, which prompted Plaintiff to initiate the *Viola I* lawsuit discussed in the next Section. (ECF No. 13 at 2).

As the parties litigated *Viola I*, Plaintiff continued to collect evidence in support of his allegations. Documents obtained from his fact-gathering were posted to an "Evidence Locker" on the FreeTonyViola website (ECF No. 1 ¶¶ 8, 48), which remains active today. Plaintiff broadened his reach by mass-mailing postcards in North Royalton, Ohio (where Defendant Kasaris served as a City Councilman for 12 years), which publicized his allegations about Defendant Kasaris's

2

illegal and unethical actions. (*Id.* ¶ 49 & Exs. G, M). The postcards described the alleged romantic entanglement, accused Defendant Kasaris of incest and a variety of other crimes, and called for his firing as Assistant Attorney General. (ECF No. 23 Exs. 6 & 7). In response to several rounds of these attack-ad postcards in fall 2020 and spring 2021, Defendant Kasaris retained a private attorney, Defendant Billak, who sent Plaintiff a second cease-and-desist letter dated May 20, 2021. (ECF No. 1 Ex. O). Plaintiff responded to that letter by filing the Complaint in this case on June 3, 2021.

### B. Litigation History

#### 1. 2016 Southern District Case ("Viola I")

In response to the first cease-and-desist letter, and fearing prosecution by Defendant Kasaris, Plaintiff initiated the *pro se* lawsuit *Viola v. Kasaris*, Case No. 2:16-cv-1036 (S.D. Ohio) ("*Viola I*"). He alleged infringement of his First Amendment rights under a "chilling" theory and sought to enjoin Defendant Kasaris from prosecuting him over the website. Judge Smith dismissed that case for lack of state action:

> [T]he Court concludes that when Mr. Kasaris wrote the letter in question, he was acting as a private citizen - or, more precisely stated, that Mr. Viola has not plausibly alleged the opposite scenario. Here . . . Mr. Kasaris did not even file a criminal complaint; he merely suggested that he had grounds to do so if he wished. The complaint does not allege any facts supporting the inference that Mr. Kasaris was more able than the average citizen to follow through with filing a criminal complaint just because of his governmental positions. The nature of the act he performed, or threatened to perform, is, as <u>Johnson v. Miller</u> [680 F.2d 39 (7th Cir. 1982)] observed, quintessentially a private act. Absent some plausible and well pleaded facts which would distinguish this case from the routine situation where one private citizen threatens to file a complaint against another, the complaint simply does not satisfy the pleading requirements for a First Amendment or §1983 claim. Because that is so, Mr. Kasaris' motion to dismiss under Rule 12 (b) (6) must be granted.

*Viola I*, ECF No. 17 at 15–16, 2017 WL 735588 at *7 (report & recommendation adopted, *Viola I* ECF No. 22, 2017 WL 1154190).

Over the ensuing three and a half years, Plaintiff moved several times for reconsideration or relief from judgment, arguing that newly discovered evidence supported his original claims. The Court rejected each of these motions. *Viola I* ECF Nos. 34, 42, 46, 55. As Judge Sargus wrote in the most recent denial, "the Court does not find that there is anything in the evidence proffered by Plaintiff relevant to the underlying question of whether Defendant Kasaris was acting under color of law during the timeframe set forth in Plaintiff's Complaint." *Viola I* ECF No. 55 at 2. Plaintiff also appealed thrice to the Sixth Circuit but dismissed each voluntarily. *Viola I* ECF Nos. 39, 49, 63.

### 2. Criminal Case Filings and 2017 Vexatious Litigator Determination

In the years after his federal conviction, Plaintiff continued to file numerous motions under his criminal case, *United States v. Viola*, Case No. 1:08-cr-506 (N.D. Ohio) ("Criminal Case"). Through these motions, Plaintiff sought records access and attempted to attack the conviction using 28 U.S.C. § 2255. In an opinion dated September 1, 2017, Judge Nugent declared Plaintiff to be a vexatious litigator and enjoined him from making further filings in the Criminal Case:

> Mr. Viola has established a pattern of filing motions in this case that are repetitive and baseless. Both this Court and the Sixth Circuit have informed him, by way of their opinions in this case, that the courts will not consider motions and appeals which disregard the established law of the case. (ECF #506, 511, 535). Nonetheless he continues filing motions that have no bearing on any actual relief that he is legally entitled to pursue. These filings appear calculated to abuse the judicial process and to harass the prosecution. The prosecution has twice requested that this Court declare Mr. Viola a vexatious litigator based on this behavior. (ECF #529, 540). Mr. Viola has never opposed or otherwise responded to these requests. Accordingly, Mr. Viola is permanently enjoined from filing any further motions or other documents pertaining to his conviction and sentence in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. §2255.

*United States v. Viola*, ECF No. 541 at 6, 2017 WL 3840415 at *3.

4

### 3. 2020 Northern District Case ("Viola II") and Vexatious Litigator Warning

Plaintiff initiated another *pro se* lawsuit in 2020 against the Ohio Attorney General, various of its attorneys (including Defendant Kasaris), federal prosecutors, and others. *Viola v. Ohio Attorney General*, Case No. 1:20-cv-0765 (N.D. Ohio) ("*Viola II*"). *Inter alia*, the complaint alleged prosecutorial misconduct in his criminal cases, sought a declaratory judgment that the State's representation of Defendant Kasaris in *Viola I* was unlawful, and argued that Defendant Kasaris "acted under color of law and abused an unconstitutional state statute [O.R.C. § 2921.03] to threaten to prosecute individuals posting comments on blogs related to [Plaintiff's case]"— referring again to the 2016 cease-and-desist letter. *Viola II* ECF No. 57 at 5, 2021 WL 510746 at *3. Judge Barker dismissed the entire lawsuit for failure to state a claim. The claims relating to prosecutorial misconduct and the State's representation of Defendant Kasaris failed under sovereign immunity, and the First Amendment claims were deemed "abandoned and/or waived" through unresponsive briefing. *Viola II* ECF No. 57 at 26, 42, 44.

Judge Barker additionally addressed the motions by several *Viola II* defendants to declare Plaintiff a vexatious litigator, writing as follows:

> Here, the Court notes that this is the fourth civil rights lawsuit filed by Viola in United States District Court against Defendants Bennett [the prosecutor in the federal Criminal Case] and/or Kasaris stemming from his underlying state and federal criminal cases. These four civil lawsuits (coupled with the numerous post-judgment motions and petitions filed in his federal criminal case) have placed Viola in a precarious situation. Upon review of Viola's various filings, this Court would be well within its power, should it choose, to declare him to be a harassing and vexatious litigator and subsequently impose prefiling restrictions. However, neither the Federal Defendants nor Defendant Kasaris have directed this Court's attention to any warnings in Viola's other previously filed civil lawsuits that, given his litigation history, he could be declared to be a harassing and vexatious litigator for purposes of his civil claims.

*Id.* at 57.

Judge Barker therefore denied the motions but issued a formal warning:

> [T]he Court hereby warns Viola that the filing of a frivolous civil lawsuit relating in any way to the matters raised in the First Amended Complaint herein, could result in him being declared a harassing and vexatious litigator and the imposition of prefiling restrictions in this Court. These restrictions could include, but are not limited to, (1) requiring Viola to file a bond to cover the opposing party's attorney's fees, (2) limiting the nature or subject of lawsuits that may be filed, or (3) mandating that Viola first seek leave of court prior to filing a lawsuit and/or prior to filing motions in a given case."

(*Id.* at 57–58) (internal citations omitted). This opinion was dated February 11, 2021, about four months before Plaintiff filed his Complaint in this matter.

### 4. *2021 Northern District Case and Vexatious Litigator Determination*

Plaintiff would violate Judge Barker's admonition in a later case brought against the FBI, DOJ, and others (not including Defendant Kasaris), which was filed 12 days after Plaintiff initiated this case. *Viola v. Cuyahoga County Land Bank*, Case No. 1:21-cv-1196 (N.D. Ohio). Judge Barker therefore declared him to be a vexatious litigator:

> The Court now turns its attention to the Federal Defendants' Motion to Declare Plaintiff a Vexatious Litigator (Doc. No. 24). Defendants state that Plaintiff's repeated unsuccessful challenges to his conviction and sentence led the Court to declare him to be a vexatious litigant in his criminal case and to enjoin him from filing any further Motions or documents pertaining to his conviction and sentence in that action. *See United States v. Viola*, No. 1:08 cr 506 (N.D. Ohio Sept. 1, 2017). Plaintiff also filed multiple civil actions in which he challenged his conviction and sentence. *See Viola v. Kasaris*, No. 2:16 CV 1036 (S.D. Ohio Mar. 27, 2017)(asserting claims for prosecutorial misconduct); *U.S. Bank, N.A.*, No. 1:16 CV 969 (N.D. Ohio Dec. 1, 2016)(dismissing Plaintiff's counterclaim alleging prosecutorial misconduct); *Viola v. Bennett*, No. 1:17 CV 456 (N.D. Ohio May 22, 2017)(dismissing civil right action against AUSA Bennett); *Viola v. Blair*, No. 1:17 CV 827 (N.D. Ohio Aug. 7, 2017)(dismissing civil rights action challenging restitution imposed in his criminal case); *Viola v. Ohio Attorney General*, No. 20 CV 765 (N.D. Ohio Feb. 11, 2021)(dismissing claims that his federal conviction was obtained by prosecutorial misconduct). In the latter case, the federal Defendants filed a Motion seeking to have Plaintiff declared to be a vexatious litigator . . . The Court denied the Motion; however, stating that Plaintiff had not been warned that his repeated filings could lead to him being enjoined from future filings. The Court then warned him that if he continued to file repetitive frivolous actions, he would be enjoined.

Undeterred, Plaintiff filed *Viola v. United States Probation Office*, No. 1:20 CV 2194 (N.D. Ohio Feb 4, 2021) (Pet. For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241). Once again, he claimed prosecutorial misconduct in his federal criminal conviction. He also filed *Viola v. Dep't of Justice*, No. 1:21 CV 1462 (D.D.C. filed May 27, 2021) asserting prosecutorial misconduct in his federal prosecution.

. . . Plaintiff has now filed this action. Although he is not directly attacking his conviction or sentence, he did collaterally attack his restitution order despite his unsuccessful attempts to assert those same claims in prior actions.

It is apparent that despite this Court's warning, Plaintiff intends to continue to file frivolous pleadings to challenge his conviction and sentence and to harass individuals that participated in his prosecution. Up to this point, the Courts in this District have been tolerant of Plaintiff's pro se filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system . . . .

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner . . . .

Accordingly, Defendants' Motion to Declare Plaintiff to be a Vexatious Litigator (Doc. No. 24) is granted. Plaintiff is permanently enjoined from filing any new lawsuits or other documents without first seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with [enumerated restrictions].

*Viola v. Cuyahoga County Land Bank*, ECF No. 32 at 15–18, 2021 WL 5015486 at *8–9. That

opinion, dated October 28, 2021, currently is on appeal to the Sixth Circuit.

## 5. The Instant Case ("Viola III")

After receiving the second cease-and-desist letter from Defendant Kasaris, through

Defendant Billak, Plaintiff initiated the instant case. Plaintiff stated similar claims under the First

Amendment, though with respect to the second cease-and-desist letter, and sought a Temporary

Restraining Order ("TRO") to enjoin Defendants from prosecuting or threatening to prosecute him

or others for disseminating information through the FreeTonyViola website or mailed materials.

(ECF No. 1 ¶¶ 67–70; ECF No. 2). This Court denied the TRO, finding no state action and no

immediacy of harm. The Court "decline[d] to find that Defendant Kasaris acted under color of

state law in having his attorney, Defendant Billak, send the cease-and-desist letter," and further

noted that "it is dubious that Plaintiff could recover in a § 1983 action on the basis of that letter

alone." (ECF No. 26 at 8–9).

The Court later set this hearing for January 28, 2022, to resolve open motions for sanctions

and prefiling restrictions by Defendants Kasaris (ECF Nos. 23, 24) and Billak (ECF No. 49).[1]

## II. LEGAL STANDARD

### A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that when a pleading,

written motion, or other paper is submitted, a party or counsel represents to the Court that:

> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable opportunity for further
> investigation or discovery; . . . .

Fed. R. Civ. P. 11(b)(1)–(3).

Rule 11 includes a so-called safe harbor, which states that a "motion" for sanctions "must

be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper,

claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after

service." Fed. R. Civ. P. 11(c)(2).

"The standard for determining whether to impose sanctions is one of objective

reasonableness." *Neighborhood Research Inst. v. Campus Partners for Cmty. Urban Dev.*, 212

---

[1] Plaintiff also has given Defendants Kasaris and Billak 21-day notice for Rule 11 sanctions (ECF Nos. 14, 34). He briefs the issue in his response, arguing that Defendants' motions for sanctions are themselves frivolous and thus sanctionable. (ECF No. 54 at 22–24). However, Plaintiff has not served a motion for sanctions on either Defendant, nor has he filed one with the Court.

F.R.D. 374, 378 (S.D. Ohio Dec. 12, 2002) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)). This principle extends equally to *pro se* litigants, as Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991).

Under the 1993 amendments to Rule 11, "[t]he court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

### B. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating a motion to dismiss under Rule 12(b)(6), "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court "need not . . . accept unwarranted factual inferences." *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## C. Prefiling Restrictions

The ability of the courts to impose prefiling restrictions derives from "their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. Univ. Housing*, 2007 WL 4303728 at *12 (S.D. Ohio Dec. 10, 2007). "In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the basis for his or her litigiousness." *Hyland v. Stevens*, 37 F. App'x. 770, 771 (6th Cir. 2002); *see also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (upholding "a conventional prefiling review requirement"); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (upholding district court's "order requiring leave of court before the plaintiffs filed any further complaints").

An important factor in this analysis is whether the litigator has been warned previously that continued frivolous conduct will subject them to prefiling restrictions. *Compare Johnson*, 2007 WL 4303728 at * 13 (declining to find *pro se* litigant vexatious where there had been no prior warning), *with Sultaana v. Jerman*, 2020 WL 4218110 at *7 (N.D. Ohio Jul. 23, 2020) (declaring litigant to be vexatious where litigant made further frivolous filings "[d]espite being on notice").

### III. ANALYSIS

#### A. Motions for Sanctions

Plaintiff first argues that the two sanctions motions are "procedurally flawed" because Plaintiff moved to dismiss the Complaint within the 21-day safe harbor of Rule 11(c)(2). (ECF No. 54 at 3–5). The Court concurs that the motions are deficient, though on different grounds than Plaintiff advances.

10

Plaintiff avers that he cured defects in his Complaint by moving for voluntary dismissal within 21 days of the warning letters he received. Defendant Billak, through counsel, sent a warning letter on July 30, 2021, demanding immediate dismissal with prejudice under threat of Rule 11 sanctions. (ECF No. 49-2). Plaintiff moved for voluntary dismissal on August 12 (ECF No. 25), within 21 days of Defendant Billak's letter—though his motion was silent as to whether it was with or without prejudice.[2] Plaintiff's argument would not hold, however, as to Defendant Kasaris. Defendant Kasaris sent his warning letter on July 8, 2021 (ECF No. 23 Ex. 2), which was 35 days before Plaintiff's motion.

Notwithstanding the above, the Court finds that sanctions are precluded because the safe-harbor period *never* began to run. Based on the record before the Court, Defendants only sent warning letters and did not serve a Rule 11 *motion* at any point prior to filing it with the Court. The Sixth Circuit considered the split authority on whether a warning letter suffices to start the safe-harbor clock and settled that, in this circuit, it does not:

> First and most important, the rule specifically requires formal service of a motion. The safe-harbor provision states that "[t]he *motion* must be served under Rule 5" at least twenty-one days before filing it with the court. Fed.R.Civ.P. 11(c)(2) (emphasis added). We have no doubt that the word "motion" definitionally excludes warning letters, and our reading of the rule's plain language finds support in the Advisory Committee's Notes. In its gloss on the 1993 amendments, the Committee refers to letters as "informal notice" and recommends that attorneys send a warning letter as a professional courtesy "before proceeding to prepare and serve a Rule 11 motion." Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments). "In other words, the Advisory Committee's Notes clearly suggest that warning letters … are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself." *Roth v. Green,* 466 F.3d 1179, 1192 (10th Cir.2006); *accord In re Pratt,* 524 F.3d 580, 588 (5th Cir.2008) ("We may not disregard the plain language of the [rule] and our prior precedent without evidence of congressional intent to allow 'substantial compliance' through informal

---

[2] Because each Defendant already had answered the Complaint by filing a Motion to Dismiss (ECF Nos. 13, 19, 22), Plaintiff moved under Federal Rule of Civil Procedure 41(a)(2) rather than (a)(1). Dismissal under (a)(2) requires a court order; and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is *without* prejudice." Fed. R. Civ. P. 41(a)(2) (emphasis added).

service."); *Barber,* 146 F.3d at 710 ("That requirement, too, was deliberately imposed, with a recognition of the likelihood of other warnings.").

*Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (alterations in original).

Defendants Kasaris and Billak each addressed this service issue at the sanctions hearing. Defendant Kasaris stated that he did serve a Rule 11 motion together with his warning letter of July 8, 2021, and he referred the Court to the exhibits to his Motion for Sanctions (ECF No. 23). The warning letter, which is Exhibit 2 to the Motion, includes a PDF attachment that it describes as a "notice." The attachment itself, however, is not included in the filing. Based on the available evidence, the Court finds that Defendant Kasaris has not carried his burden as movant to show that Plaintiff was served with a Rule 11 *motion* on July 8. Meanwhile, Defendant Billak conceded at the sanctions hearing that he did not serve a Rule 11 motion with his warning letter of July 30, 2021. Rather, Defendant Billak's position is that he complied with the Court's order setting the sanctions hearing (ECF No. 48), which gave a deadline of December 31 to bring his sanctions motion. This deadline left insufficient time to initiate the safe-harbor period, being 9 days after the hearing order and 15 days after the parties' last telephonic status conference (wherein the Court indicated it would be setting a sanctions hearing). However, it was incumbent on Defendant Billak to alert the Court—either during the status conference or via a motion to clarify the hearing order— that he had not started the safe-harbor clock on or around July 30. The hearing order does not purport to waive the Rule 11 service requirement, and Defendant Billak does not identify any authority to suggest it could. Accordingly, Defendant Billak's compliance with the motions deadline does not cure the deficient service.

The settled law of this circuit holds that the safe-harbor period begins only upon service of a Rule 11 motion; a warning letter alone is insufficient. Absent valid service, the Court cannot

grant sanctions to either Defendant. Therefore, Defendant Kasaris's Motion for Sanctions (ECF No. 23) is **DENIED**, and Defendant Billak's Combined Motion (ECF No. 49) is **DENIED IN PART** as to sanctions.

### B. Motions to Dismiss and Motion to Amend

The Court has a separate cause to consider the frivolity of Plaintiffs' arguments, as each Defendant has moved to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF Nos. 13, 19, 22). The Court finds dismissal is appropriate, chiefly due to the preclusive effect of *Viola I*.[3]

When the court dismissed *Viola I* for failure to state a claim, it reasoned that Defendant Kasaris acted in his private capacity when he sent the September 2016 cease-and-desist letter. *Viola I* ECF No. 17 at 10–16, report and recommendation adopted, *Viola I* ECF No. 22. The court declined five times to reconsider that conclusion. *Viola I* ECF Nos. 34, 42, 46, 55.

Plaintiff, to his partial credit, did not allege the September 2016 cease-and-desist as a basis for recovery in this case. He sought the same relief, but based this time on the May 2021 cease-and-desist. However, Plaintiff's claims as to the May 2021 letter are derivative, and weaker, than those he litigated previously. Retention of private counsel is a fact that *further* distances Defendant Kasaris from his state employment. If Defendant Kasaris was not a state actor when he signed the September 2016 letter, then certainly he was not a state actor when he sent the May 2021 letter through private counsel. And without state action by Defendant Kasaris, Defendant Billak could not have been a state agent either. The sole state actor in this case is Defendant Yost, who never is

---

[3] Each Defendant also moved to dismiss under Rule 12(b)(1), arguing that Plaintiff's lack of an injury-in-fact precludes standing, and therefore jurisdiction. When a motion to dismiss alleges jurisdictional defects, those arguments should be considered prior to addressing other Rule 12 defenses, such as whether the complaint has stated a claim upon which relief may be granted. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) (rejecting "doctrine of hypothetical jurisdiction" and insisting on jurisdiction as "a threshold matter"). The court in *Viola I* also faced this issue, and in a thorough discussion, it rejected Defendant Kasaris's standing argument and found jurisdiction was satisfied. *Viola I*, ECF No. 17 at 4–10. This Court views *Viola I* as a controlling decision; therefore, the Court stands by its jurisdictional analysis as well. Defendants' standing arguments under Rule 12(b)(1) are rejected, so the Court properly may proceed to the state-action arguments under Rule 12(b)(6).

alleged to have threatened Plaintiff with prosecution. Plaintiff's state action claims therefore are frivolous and lacking in evidentiary support.

Moreover, Plaintiff's underlying allegations of prosecutorial misconduct also have been heard and adjudicated multiple times. In *Viola II*, Judge Barker recounted the pertinent rulings:

> *United States v. Viola*, Case No. 1:08cr506 (N.D. Ohio) (Nugent, J.) (Doc. No. 541 at p. 6.) ("Mr. Viola has repeatedly raised the issue of Ms. Clover's alleged relationship with the prosecutor in his state case [and] of an alleged existence of a conflict of interest . . . The Court has already addressed each of these issues in prior opinions, finding that none of the allegations had any effect on the Constitutionality of Mr Viola's federal trial. They also fail to provide a basis for imposing sanctions on the federal prosecutor."); *United States v. Viola*, 2015 WL 7259783 at * 8-9 (N.D. Ohio Nov. 17, 2015) (Nugent, J.) (specifically addressing and rejecting Viola's claims of prosecutorial misconduct based on the alleged use of the perjured testimony of Ms. Clover during Viola's federal trial.)

*Viola II*, ECF No. 57 at 55 n.16. Yet, in this case, Plaintiff again requests the Court to "[r]efer the romantic relationship between Kasaris and government witness Kathryn Clover, as well as the use of perjured testimony to obtain a conviction, to the Ohio Supreme Court Office of Disciplin[ary] Counsel for an investigation." (ECF No. 1 at 15). This claim, like the First Amendment claims, simply ignores the prior adverse rulings, which this Court views as fatal.[4]

The Court bases its dismissal on Rule 12(b)(6), rather than on Plaintiff's Motions for Voluntary Dismissal (ECF Nos. 25, 28), because it deems those Motions abandoned. Plaintiff has made a series of subsequent filings that indicate a clear reversal of intent. On November 12, Plaintiff filed a Motion to Amend (ECF No. 32) and a Notice of Rule 11 Sanctions (ECF No. 34); and on November 29, he filed a Motion to Take Judicial Notice (ECF No. 39) and a Supplement

---

[4] Plaintiff's refusal to acknowledge controlling precedent appears akin to deliberate disregard, which the Court notes is not an isolated occurrence. During testimony, Defendant Kasaris directed the Court to an article on the FreeTonyViola blog about the sanctions hearing, entitled: "Federal Judge Sets Hearing on Request to Refer Dan Kasaris and Mark Bennett for Criminal Prosecution." The Court never did so. The hearing order states unambiguously that it concerns Defendants' requests for sanctions and prefiling restrictions and that "[o]ther pending motions will not be entertained." (ECF No. 48 at 2). At the hearing, Plaintiff expressed no confusion as to its scope, which strongly suggests that the blog post intentionally misrepresented the hearing order.

(ECF No. 40) to his Motion to Amend. Plaintiff stated at the sanctions hearing that he remains willing to dismiss the Complaint *as originally formulated*, but this confirms to the Court that he does not desire to close the *case* by voluntary dismissal. Because Plaintiff now intends to continue litigating the case on an amended complaint, the Court finds that he has abandoned the Motions for Voluntary Dismissal.

The supplemental filings, however, do not save the Complaint from its defects. The proposed amendment did not withdraw the state-action claims; rather, it doubled down on the basis of newly discovered evidence that Defendant Billak had "contacted local, state and federal law enforcement officials, probation officers and others" as part of "a lengthy effort by Attorney Billak to have [Plaintiff] prosecuted and imprisoned." (ECF No. 32 at 2). The new evidence includes letters sent by Defendant Billak to the probation and re-entry officers who supervised Plaintiff upon his release from federal custody, informing them of the May 2021 cease-and-desist. The letters, which were sent by Defendant Billak in his capacity as Defendant Kasaris's private attorney, make no reference to Defendant Kasaris's state employment. (*Id.* at 7–10).

Also among Plaintiff's newly discovered evidence are police interview notes, some of which do identify Defendant Kasaris's job title as a background fact. (*Id.* at 15–23). This does not establish state action either. As the court explained to Plaintiff years ago in dismissing *Viola I*, state action "'requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."'" *Viola I*, ECF No. 17 at 13 (quoting *Teta v. Packard*, 959 F. Supp. 469, 475 (N.D. Ill. Feb. 26, 1997) and *West v. Atkins*, 487 U.S. 42, 49 (1988)). The court proceeded to discuss the case *Smith v. Avent*, where a police officer had filed a private complaint for harassment. *Smith* reasoned that "'the allegations do not concern police duties,'" and therefore, "'[t]he fact that she mentioned that she

is a police officer in the complaint is irrelevant.'" *Viola I*, ECF No. 17 at 14–15 (quoting *Smith*, 1999 WL 33891 at *2 (N.D. Ill. Jan. 15, 1999)).

Finally, the Supplement (ECF No. 40) supporting Plaintiff's Motion to Amend contains only two letters exchanged between counsel for Defendant Billak and investigative journalist Brian Douglas, who has published stories on Plaintiff's allegations. The letter from Defendant Billak's counsel places Mr. Douglas "on notice" of alleged falsehoods in his reporting, but it does not threaten criminal prosecution and does not purport to be written on behalf of Defendant Kasaris in any capacity. (*Id.* at 5–6). Nothing in Plaintiff's proposed amendment can overcome the lack of state action. On the contrary, the new evidence confirms that Defendant Kasaris acted at all times as a private citizen, and Defendant Billak as his private attorney.

The Court therefore **GRANTS** each Defendant's Motion to Dismiss (ECF Nos. 13, 19, 22) and **DENIES** Plaintiff's Motion to Amend (ECF No. 32). It follows from these rulings that Plaintiff's Motions to Dismiss (ECF Nos. 25, 28) and Motion to Take Judicial Notice (ECF No. 39) are **DENIED AS MOOT**.

### C. Motions for Prefiling Restrictions

Turning to the Motions for Prefiling Restrictions, Plaintiff argues that the Court should not declare him a vexatious litigator because Judge Barker's determination occurred after this case was initiated and currently is on appeal to the Sixth Circuit. (ECF No. 54 at 19). These statements are factually accurate, but Plaintiff has measured from the wrong starting point. Judge Barker warned Plaintiff on February 11, 2021—approximately four months before this case was initiated—that "the filing of a frivolous civil lawsuit relating in any way to the matters raised in the First Amended Complaint [in *Viola II*] could result in him being declared a harassing and vexatious litigator and the imposition of prefiling restrictions." *Viola II*, ECF No. 57 at 57–58.

Plaintiff was on notice when he filed this case, even though he had not yet been subjected to restrictions on civil filings.

Moreover, the Court does not view this case in isolation; it is, after all, *Viola III.* This case falls into "a pattern of filing motions . . . that are repetitive and baseless," *United States v. Viola*, ECF No. 541 at 6, "to challenge his conviction and sentence and to harass individuals [particularly Defendant Kasaris] that participated in his prosecution." *Viola v. Cuyahoga County Land Bank*, ECF No. 32 at 17. This case, like those preceding it, presents salacious allegations while ignoring repeated court rulings that foreclose the relief sought. The Court determines that this case too was filed for an improper purpose, namely "to harass" Defendant Kasaris and his private counsel, Defendant Billak.

Having determined that Plaintiff made frivolous and harassing filings in this case after being warned in *Viola II*, this Court has equal grounds as Judge Barker to declare Plaintiff a vexatious litigant. The Court therefore **GRANTS** Defendant Kasaris's Motion for Prefiling Restrictions (ECF No. 24) and **GRANTS IN PART** Defendant Billak's Combined Motion (ECF No. 49) as to prefiling restrictions. Plaintiff is **PERMANENTLY ENJOINED** from making future filings in any federal court in the Southern District of Ohio unless he first seeks and obtains leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following[5]:

    1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it (any such Motion should be filed as a miscellaneous case).

---

[5] These prefiling restrictions are identical to those imposed by Judge Barker in *Viola v. Cuyahoga County Land Bank*, ECF No. 32 at 17–18.

2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the Motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply fully with the terms of this Order shall be sufficient ground for this Court to deny any Motion for leave to file and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

1. Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: (1) an affidavit or sworn declaration as required by this

order; (2) a copy of this Memorandum of Opinion; and (3) the exhibits required by this Memorandum of Opinion.

2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.[6]

### D. Motions to Strike

The only pending motions not yet discussed are the various motions to strike (ECF Nos. 20, 37, 41, 42, 46). Defendants seek to strike multiple of Plaintiff's filings, arguing that they are improper or frivolous. Specifically challenged are the following documents:

- Plaintiff's Notice of Rule 11 Sanctions (ECF No. 14), which Defendant Kasaris moves to strike (ECF No. 20).

- Plaintiff's second Notice of Rule 11 Sanctions (ECF No. 34), which Defendants Kasaris and Billak each move to strike (ECF Nos. 37, 41).

- Plaintiff's Motion to Take Judicial Notice (ECF No. 39), which Defendant Kasaris moves to strike (ECF No. 42).

- Plaintiff's Supplement (ECF No. 40) supporting his Motion to Amend, which Defendant Billak moves to strike (ECF No. 46).

"[C]ourts have inherent power to control their dockets, which entails the power to strike a document or a portion of a document." *Olagues v. Steinour*, 2018 WL 300377 at *1 (S.D. Ohio Jan. 4, 2018) (citing *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio June 22, 2010)). Though this power should be "used sparingly," "courts have liberal discretion to

---

[6] If Plaintiff desires to appeal this Opinion & Order to the Court of Appeals, his Notice of Appeal shall be exempted from all prefiling restrictions stated herein.

strike inappropriate filings." *Sheets v. U.S. Bank, Nat'l Ass'n*, 2014 WL 5499382 at *2 (E.D. Mich. Oct. 30, 2014) (internal quotation marks omitted); *see also Jones v. Ahmed*, 2019 WL 1433853 at *1 (S.D. Ohio Mar. 31, 2019) (upholding Magistrate Judge's decision to strike a party's second response brief because it was "improperly filed").

The Court finds that Plaintiff's two Notices of Rule 11 Sanctions (ECF Nos. 14, 34) are improper filings that ought to be stricken. Rule 11 does not contemplate any "notice" to the Court apart from a sanctions motion after expiration of the safe-harbor period. *See* Fed. R. Civ. P. 11(c)(2). The Court therefore **GRANTS** the Motions by Defendants Kasaris (ECF Nos. 20, 37) and Billak (ECF No. 41) to strike those filings. The Clerk is directed to **RESTRICT** the documents labeled ECF Nos. 14 and 34 on the public docket.

Conversely, the Motion to Take Judicial Notice (ECF No. 39) and the Supplement (ECF No. 40) supporting the Motion to Amend are not procedurally improper. To the extent that Defendants object to the frivolous nature of those filings, the Court trusts that its ruling on prefiling restrictions gives a sufficient remedy. There is a countervailing interest, particularly where vexatious litigators are concerned, in having the case docket accurately reflect the nature of the filings that led the Court to its decisions. The Court therefore **DENIES** the remaining Motions to Strike (ECF Nos. 42, 46).

## IV.  CONCLUSION

For the reasons thus stated, Defendant Kasaris's Motion for Sanctions (ECF No. 23) is **DENIED**, and his Motion for Prefiling Restrictions (ECF No. 24) is **GRANTED**. Defendant Billak's Combined Motion (ECF No. 49) is **GRANTED IN PART** as to prefiling restrictions and **DENIED IN PART** as to sanctions. The Motions to Dismiss by Defendants Kasaris (ECF No. 13), Billak (ECF No. 19), and Yost (ECF No. 22) are **GRANTED**. Plaintiff's two Motions to

Dismiss (ECF Nos. 25, 28) are **DENIED AS MOOT**, his Motion to Amend (ECF No. 32) is **DENIED**, and his Motion to Take Judicial Notice (ECF No. 39) is **DENIED AS MOOT**. Three Motions to Strike by Defendants Kasaris and Billak (ECF Nos. 20, 37, 41) are **GRANTED**, and the remaining two (ECF Nos. 42, 46) are **DENIED**.

This case is **DISMISSED WITH PREJUDICE**, and Plaintiff Viola is **PERMANENTLY ENJOINED** from making future filings in any federal court in the Southern District of Ohio unless he complies with the prefiling restrictions set forth herein. This matter is **CLOSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 4, 2022**